UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D. SAVAGE, LLC, ET AL.,

    Plaintiffs,

v.

CITY OF DETROIT, ET AL.,

    Defendants.

_____/

Case No. 21-cv-11242

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER GRANTING DEFENDANTS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT REGARDING COUNT IV [ECF NO. 88]

### I. Introduction

On April 27, 2022, Plaintiffs filed a second amended complaint (the "complaint") [ECF No. 28]. It alleges eight counts. Counts I- IV allege various constitutional violations under 42 U.S.C § 1983:

1. **Count I:** First, Fifth, and Sixth Amendment retaliation (dismissed);
2. **Count II:** Fourth Amendment Excessive Force;
3. **Count III:** Fifth and Fourteenth Amendment Conditions of Confinement (dismissed);
4. **Count IV:** Fourth Amendment Unlawful Search and Seizure.

Counts V-VIII alleged claim and delivery, conversion, trespass, and nuisance under Michigan law and have been dismissed. The complaint names as Defendants the City of Detroit (dismissed), the Wayne County Sheriff's Office (dismissed),

-1-

U.S. Department of Homeland Security Officer Sean Williford (dismissed), and 15 Detroit police officers.

Before the Court is Defendant's Supplemental Motion for Summary Judgment Regarding Count IV [ECF No. 88]. Plaintiff responded on April 13, 2023 [ECF No. 90] and Defendant replied on April 19, 2023 [ECF No. 91]. Upon review of the parties' briefs and applicable authority, the Court concludes oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve this motion [ECF No. 88] on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

For the reasons set forth below, Defendants' Motion is **GRANTED**.

**II. Factual and Procedural Background**

The Plaintiffs in this case include D. Savage, LLC (the "Savage Facility")—a marijuana facility that operated at 4473 W. Jefferson Ave. in Detroit—and various members of its staff: Cotea Jones, Jeanne Walsh, Jabari Currie, Curtis Williams, Travis Davison, and James Frazier. The factual background pertaining to this Motion is stated in the Court's previous Opinion and Order Granting Defendants' Motion for Summary Judgment as to Count I; and Granting in Part and Denying in Part Defendants' Motion for Summary Judgment as to Count II. *See* ECF No. 96. The Court incorporates it by reference. As a result of this Court's previous rulings, only Count II (as asserted by Plaintiffs Williams and Walsh against Defendants

Anderson and Benavides) and Count IV remain. Count IV is the subject of Defendants' motion presently before the Court.

On May 29, 2018, Agent Wilford submitted an Affidavit for Search Warrant for the Savage facility. The same day, a Judge of the 36th District Court of Wayne County, Michigan authorized the search warrant. It stated: "[t]o be seized, secured, tabulated and recorded on a return according to law" the following: "Marijuana plants or other controlled substances, imitation controlled substances, narcotics proceeds, items in connection with the sale, manufacture, use, storage, distribution, transportation, delivery, or concealment of controlled substances." [ECF No. 42-1, PageID.516]. Plaintiffs say, *inter alia*, that Defendant Officers exceeded the scope of the search warrant by allegedly confiscating and destroying millions of dollars of Savage's marijuana operations equipment and products. [ECF No. 28, PageID.388]. Plaintiffs subsequently commenced the present action.

Defendants previously filed a Motion for Judgment on the Pleadings for Count IV [ECF No. 34], though its docket entry was labeled as a "Partial Motion for Summary Judgment." On January 4, 2023, this Court denied Officer Defendants' motion for Judgment on the Pleadings with respect to the narrow question of whether they exceeded the scope of the search warrant in destroying marijuana products and equipment. See ECF No. 83, PageID.1042. Defendants subsequently filed a Motion for Reconsideration of January 4, 2023, Order and For

Leave to File Amended Summary Judgment Motion. In that motion, Defendants stated, *inter alia*, "if the Court will not reconsider, Plaintiffs' Count IV for Fourth Amendment Unlawful Search and Seizure should be subject to a summary judgment motion." ECF No. 85, PageID.1068. The Court granted Defendants' motion to file a supplemental summary judgment motion. Accordingly, Defendant's motion for reconsideration is denied. *See* ECF No. 87.

Defendants' Supplemental Motion for Summary Judgment Regarding Count IV argues that Plaintiff fails to demonstrate that they have a constitutionally protected interest in marijuana "product" to support an unlawful search and seizure claim under the Fourth Amendment. ECF No. 88, PageID.1098. Furthermore, Defendants aver that Plaintiffs produced no admissible evidence to support their allegations and "speculation" that any remaining Defendant personally caused property destruction. *Id*. As such, Defendants insist that Plaintiffs cannot meet their burden to overcome Defendants' qualified immunity. *Id*. The Court will discuss the applicable law and analysis below.

## III. Discussion

Since the officers had a warrant and none of them participated in the formulation of probable cause, the legality of the search is not in question. Count IV, as far as it remains at issue, pertains only to the issue of whether the officers exceeded the scope of the warrant by destroying marijuana products and equipment, and whether they are entitled to qualified immunity.

### A. Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). No genuine dispute of material fact exists where the record "taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Ultimately, the court evaluates "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). To determine whether a genuine dispute of material fact exists, the Court "draw[s] all reasonable inferences and view[s] the evidence in the light most favorable to the [nonmovant]". *Henschel v. Clare Cty. Rd. Comm'n*, 737 F.3d 1017, 1022 (6th Cir. 2013).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56 (c)(1)(A)-(B). "A party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact." See *id*. 2010 amendment notes to subdivision (C).

"It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.*" Nat'l R.R. Passenger Corp. v. Old Republic Ins*. Co., No. CV 20-10177, 2021 WL 4901685, at *5 (E.D. Mich. Oct. 21, 2021) (quoting *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir.

1994) (internal quotation marks omitted)). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the court may, *inter alia*, "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."

### B. Qualified Immunity

Qualified immunity shields state and local officials from personal liability when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 137 S. Ct. 548, 551 (2017). In reviewing a qualified immunity defense, the Court considers: (1) whether the plaintiff has asserted a violation of a constitutional right; and (2) whether the constitutional right was so clearly established at the time in question that a reasonable official in the defendant's position would have known that he was violating the plaintiff's constitutional rights. *Gregory v. City of Louisville*, 444 F.3d 725 (6th Cir. 2006). "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015). (Brackets and internal quotation marks omitted). Courts may exercise discretion in deciding which of the two prongs to address first considering circumstances of the particular case at hand. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The relevant, dispositive inquiry in determining whether a right is clearly established is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he/she confronted" in the case. Brosseau v. Haugen, 543 U.S. 194, 198–99 (2004). "When properly applied, [qualified immunity] protects all but the plainly incompetent or those who knowingly violate the law." *Id. citing Ashcroft v. al–Kidd*, 131 S.Ct. 2074, 2085 (2011) (internal quotation marks omitted). "[The Sixth Circuit] do[es] not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Id*.

### C. Analysis

There is a question of law regarding whether Plaintiffs had a protected constitutional interest in their marijuana products and equipment—which were the subject of a valid search and seizure—such that an officer who destroys such items without judicial authorization violates the Fourth Amendment. The Court need not reach this question, however, because Plaintiffs fail to show that any of the individual officers participated in the destruction of their marijuana products and equipment, building, and Defendants fail to demonstrate that such conduct was unreasonable.

To survive a motion for summary judgment, Plaintiffs must produce admissible evidence that raises a genuine issue of material fact regarding the

involvement of any individual defendant in the violation Plaintiffs' clearly established constitutional rights. See *ABCDE Operating, LLC v. City of Detroit*, 254 F. Supp. 3d 931, 951 (E.D. Mich. 2017) (citing *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010). Specifically, the summary judgment standard demands that Plaintiffs produce evidence which, if credited, could lead a reasonable jury to conclude that Defendant Officer violated their constitutional rights. Even if the Court accepted Plaintiffs' argument that they have a constitutionally protected interest in marijuana products and equipment, Plaintiffs fail to satisfy their burden on summary judgment as to the personal involvement of individual officers or the unreasonableness of their actions. *Celotex*, 477 U.S. at 323

Plaintiffs say individual officers, Mohamed Barakat, Kevin Briggs, Ronald Hopp, Stephen Petroff, Kenneth Valrie, Brent Benavides, Christopher Nieman, Casey York, KiJuan Anderson, Troy Williams, Steven Riley, or Nzinga Moore, personally destroyed or retained marijuana products and equipment. Specifically, Plaintiff Curtis Williams testified at his deposition that, after the dismissal of the criminal charges lodged against Plaintiffs, he and Plaintiff Cotea Jones went to the Detroit Police Department Headquarters to "get all the inventory back." ECF No. 90-1, PageID.1167. However, they were told by officers that none of their products or equipment seized was present at the headquarters and that the Defendants "never took it". *Id*. Defendant Officers do not dispute that they participated in the

seizure of products and equipment. However, Williams was asked whether he was of aware any involvement by the Detroit Police Department officers in the criminal case. He responded that "none of our [products or] lab equipment [were] [at the headquarters]. So I'm assuming that they were involved with that somehow. I don't know." *Id.* at PageID.1166.

Williams's testimony says nothing to raise a genuine issue of material fact regarding the destruction of products and equipment or Defendant Officers' participation therein. Indeed, even if the jury believed the events described in his testimony, they could not conclude that any of the officers destroyed products or equipment. And the jury would not be enabled, based on Williams's testimony, to surmise which of the Defendant Officers participated in such conduct, if any. His testimony merely demonstrates that some unspecified officers may have been untruthful about their role in seizing products and equipment. While Williams's testimony may help the jury assess the credibility of the officers who claim to have "never took" the products or equipment, the record contains no evidence whatsoever about personal involvement of any individual officer in handling the marijuana products and equipment after it was allegedly "delivered to the City of

-10-

Detroit Police property narcotics vaults for storage by Officers Miller and Bray."[1] ECF No. 88, PageID.1103.

Plaintiffs claim that all Defendants entered the Savage facility, participated in the execution of the warrant, and assisted with the "processing of evidence" during the raid. ECF No. 90, PageID.1162. To the extent that Plaintiffs argue that Defendants destroyed evidence during the raid, they do not describe the circumstances which enable to the jury to find that Officers' actions were unreasonable and Plaintiffs do not provide the Court with a basis on which a jury could infer that any individual Defendant in particular personally destroyed products and equipment during the raid when it was unreasonable to do so. At trial, this burden would be borne by Plaintiffs, but they do not produce evidence to satisfy it. On this ground, Defendants are entitled to qualified immunity. Further, the fact that Defendants may have collectively processed evidence during the raid does not raise a genuine issue of fact regarding the destruction of that evidence after the raid.

Plaintiffs' inability to produce evidence demonstrating the personal involvement of any individual officer in destroying products or equipment forecloses the imposition of liability on any individual officer for such conduct.

---

[1] The Incident/Investigation Report and Case Supplemental Report submitted by Defendants suggests that Miller and Bray participated in the delivery of the products and equipment to DPD storage. *See* ECF No. 75-2. However, the Court does not find that they were the only officers who participated in the delivery.

*See ABCDE Operating, LLC v. City of Detroit*, 254 F. Supp. 3d 931, 951 (E.D. Mich. 2017) (*citing Binay v. Bettendorf,* 601 F.3d 640, 650 (6th Cir. 2010) ("Even assuming an officer who participated in the warrantless entry might have pointed his or her weapon at [plaintiff], [p]laintiff's inability to say which officer might have done so forecloses the imposition of liability on any individual Defendant officer arising from this conduct.").The same is true for Plaintiffs' claims pertaining to the destruction of the Savage Facility building after the raid; they say nothing about which individual officers destroyed the building after the raid or why it was unreasonable for them to do so. As the Court stated in its Order Denying Defendants' Motion for Judgment on the Pleadings,

> Regarding the damage to the building, Plaintiffs do not specify what damages occurred, how it happened, or that it was not necessary for Defendants to destroy parts of the building in order to enter and find evidence. They only allege Case that Officer Defendants caused millions of dollars in damages to the physical structure of the Savage Facility in executing a search warrant. [ECF No. 28, PageID.388]. These allegations are conclusory with no factual support. It is Plaintiffs' burden to formulate factual detail that, if accepted as true, would show that Defendants acted unreasonably in damaging the building. *See Bing ex rel. Bing v. City of Whitehall, Ohio*, 456 F.3d 555, 563 (6th Cir. 2006) ("The plaintiffs bear the burden to prove that the officers are not shielded by qualified immunity").
>
> Further, the obvious inference that can be drawn from Plaintiffs' argument— that any property damage that occurs pursuant to the execution of a search warrant is unreasonable—has not been clearly established as a matter of law and Plaintiffs cite no authority to support such an argument. *See Bing ex rel. Bing v. City of Whitehall, Ohio*, 456 F.3d 555, 569 (6th Cir. 2006) (officers were immune from 4th amendment claim alleging that they broke Bing's front door with a

>> battering ram and destroyed his home with flash bangs in a warrantless entry because exigent circumstances existed for the entry, Bing was armed, circumstances led officers to reasonably believe that he was willing to use his weapon, and his right against this use of force was not "clearly established"). As Bing illustrates, the reasonableness of Officer Defendants' actions in damaging the building depends on the circumstances known to the officer at the time of the search.
>
>> Plaintiffs do not inform the Court of what circumstances the officers faced when they caused damage to the building in attempts to seize contraband. Plaintiffs' conclusory argument does not show that the Officer acted unreasonably or had fair warning that their conduct would violate Plaintiffs' clearly established constitutional rights.

ECF No. 83, PageID.1038-39.

As such, Defendant Officers are entitled to qualified immunity and the Court will **GRANT** Defendants' Motion as to Count IV. *See Wilson v. Morgan*, 477 F.3d 326, 337 (6th Cir. 2007) (citing *Ghandi v. Police Dep't*, 747 F.2d 338, 352 (6th Cir.1984) ("[A]n officer who is 'present at a scene [of a § 1983 violation] but is not directly responsible for the complained of action is entitled to qualified immunity under § 1983.'").

### IV. Conclusion

Defendants' Motion is **GRANTED** on Count IV as to all Defendants who have been served with this lawsuit.

Although Nathan Miller, Joshua Scott, and Matthew Bray are named as Defendants, none of them have been served and the Court declined to extend the time for service, finding that no good cause existed for the delay. ECF No. 95.

-13-

Further, the Court has previously warned Plaintiffs that failure to prosecute this case could result in dismissal. *See* ECF No. 12. Defense Counsel does not purport to represent the interests of the unserved Defendants in this litigation and no discovery has been taken pertaining to these Defendants in particular. Thus, none of the dispositive motions in this case were filed on behalf of the unserved Defendants. "If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. . ." Fed. R. Civ. P. 4(m). Miller, Scott, and Bray are **DISMISSED WITHOUT PREJUDICE**.

      **IT IS SO ORDERED.**

Dated: October 31, 2023      /s/ Gershwin A. Drain
                                        GERSHWIN A. DRAIN
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 31, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager