UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D. SAVAGE, LLC,
JEANNE WALSH,
AND CURTIS WILLIAMS,

    Plaintiffs,

v.

OFFICER RONALD C. HOPP,
OFFICER CHRISTOPHER M.
NIEMAN, OFFICER KEVIN A.
BRIGGS, OFFICER STEPHEN G.
PETROFF, OFFICER NZINGA
MOORE, OFFICER KENNETH D.
VALRIE, OFFICER CASEY J. YORK,
OFFICER KIJUAN D. ANDERSON,
OFFICER MOHAMED BARAKAT,
OFFICER TROY WILLIAMS,
OFFICER JOSHUA SCOTT, AND
OFFICER BRENT BENAVIDES.

    Defendant.
_____/

Case No. 21-cv-11242

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

U.S. MAGISTRATE ANTHONY
PATTI

**<u>OPINION AND ORDER REGARDING PENDING MATTERS [ECF Nos. 99,
101, 103, 104, 105, 106, and 119]</u>**

**I.    Introduction**

    This case previously included several plaintiffs with various constitutional claims against several Defendant Detroit Police Officers. As a result of the Court's previously entered Opinions and Orders [ECF Nos. 83, 95, 96, and 107], however,

1

"[o]nly Plaintiffs Williams and Walsh will proceed to trial on count II against Defendant Officer Anderson and Benavides." ECF No. 96, PageID.1257.

Before the Court are several matters. Defendants filed six Motions *in limine* [ECF Nos. 99, 101, 103, 104, 105, 106]. Defendants also filed an objection to Plaintiffs trial subpoena for Nathan Miller [ECF No. 119]. Responses and replies were filed for all the motions. However, Plaintiffs did not respond to ECF No. 101, and Plaintiffs did not respond to Defendants' objection to the trial subpoena.

Upon review of the briefing and applicable authority, the Court concludes oral argument will not aid in the resolution of these matters. Accordingly, the Court will resolve the pending matters on the briefs. See E.D. Mich. L.R. 7.1(f)(2).

For the reasons set forth below, the Court:

1. **GRANTS** [ECF No. 103]: Defendants' Motion in Limine No. 1 To Limit Evidence To Excessive Force Claim **IN PART** and **DENIES IT IN PART**;

2. **GRANTS** [ECF No. 99]: Defendants' Motion in Limine No. 2 To Exclude Witness Mindy Nicholson and Curtis Williams' Mental Health Records.

3. **GRANTS** [ECF No. 101]: Defendants' Motion in Limine No. 3 Daubert Motion to Exclude Purported Experts Dana Trexler and Thomas J. Hope.

4. **GRANTS** [ECF No. 105]: Defendants' Motion in Limine No. 4 to Prohibit Plaintiffs from Arguing to the Jury that D. Savage was Legally Operating. However, Plaintiffs may introduce evidence at trial pertaining to their *belief* that the facility was legally operating, to the extent that it is a relevant factor to consider under *Graham*.

2

5. **DENIES** [ECF No. 104] Defendants' Motion in Limine No. 5 To Exclude Lay Witness Jeanne Walsh's Proposed Medical Expert Opinion Testimony.

6. **GRANTS** [ECF No. 106] Defendants' Motion in Limine No. 6 Daubert Motion to Exclude Purported Police Practice Expert William Harmening.

7. **SUSTAINS** [ECF No. 119] Defendants' objection to Nathan Miller's Trial Subpoena.

## II.   Applicable Law and Analysis

The factual background is stated in the Court's previous Opinions and Order [ECF No. 96] on Defendants' motion for summary judgment. The Court adopts it by reference. Before the Court entered its Opinion, this case included several Plaintiffs alleging various Fourth Amendment violations for gun-pointing, false arrest, and tight handcuffing. *Id*., at 1257. The Court granted summary judgment on all the gun pointing claims. *Id*. And it granted summary judgment with respect to all Plaintiffs who allege handcuffing claims, except Plaintiff Williams. *Id*. As a result, the remaining claims include: (1) "Williams and Walsh's excessive force claims against Defendant Officers Anderson and Benavides for allegedly slamming them against the wall while handcuffed[,]" and (2) "Plaintiff Williams excessive force claim for tight handcuffing against Anderson" may be presented. *Id*.

3

### 1. [ECF No. 103]: Defendants' Motion in Limine No. 1 To Limit Evidence To Excessive Force Claim

In their first motion *in limine*, Defendants seek "to limit evidence offered by Plaintiffs to only what is relevant to the remaining Excessive Force claim, pursuant to Federal Rules of Evidence 401 – 403." ECF No. 103, PageID.1440. Defendants argue that "[t]o the extent Plaintiffs want to argue to the jury, despite the Court's Orders, that they were unlawfully arrested, that the officers would not listen to them when they claimed to be innocent, that guns were pointed at them, or that the handcuffs felt tight on Walsh or Jones, they cannot do so." *Id*. at 1446.

Under Rule 401, Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Under Rule 403, The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

In their response to Defendants' Motion, Plaintiffs say that they "will not argue causes of action to the jury that are not before them." ECF No. 108, PageID.1543. However, "this does not mean" that "Plaintiffs are prevented from telling the whole story, especially considering that excessive force requires a totality of the circumstances analysis[,]" Plaintiffs say. In terms of relevance, Plaintiffs point

4

to "the presence of numerous officers, the use of handcuffs, and the drawn assault rifles." *Id*. Plaintiffs believe that these events "all materially impact the objective need both to use force, and the amount of force that could have been justifiable." *Id*.

Plaintiffs will be permitted to introduce evidence to show the circumstances underlying the raid. However, Plaintiffs will not be permitted to argue that they were unlawfully arrested or that the handcuffs felt tight on Walsh or Jones.

With respect to Williams and Walsh's claims that they were slammed against the wall while handcuffed, it would be relevant if, for example, the officers pointed guns at them while they were being slammed against the wall. Such facts would assist the jury in understanding the circumstances of the raid and determining whether officers' use of force was excessive. While Plaintiffs may introduce evidence of the gun pointing, they may not argue that it was unlawful. Plaintiffs may also introduce evidence demonstrating that they attempted to show paperwork to the officers regarding the licensure status of the facility; these facts also give context to the circumstances underlying the raid. Regarding Plaintiff's suggestions that they were unlawfully arrested, and that Walsh and Jones' handcuffs were too tight, they do not pass muster under Rule 403. Those facts are irrelevant, unfairly prejudicial, and have the potential to confuse the jury.

On this basis [ECF No. 103] is granted in part. Plaintiff may not argue during trial that they were unlawfully arrested or that Walsh and Jones' handcuffs were too

tight. The motion is also denied in part. Plaintiffs Williams and Walsh may introduce evidence showing that they attempted to show paperwork to Officers regarding their licensure status, and that Officers pointed guns at Plaintiffs, only if the guns were being pointed at them when they were slammed against the wall while handcuffed.

    2. **[ECF No. 99]: Defendants' Motion in Limine No. 2 To Exclude Witness Mindy Nicholson and Curtis Williams' Mental Health Records**

In their second Motion in limine, Defendants argue that "Plaintiff Curtis Williams' therapy and mental health treatment from eight months to over a year after the police raid and his arrest should be excluded. It is far too remote to be related to the instance of alleged excessive force, which is the only claim remaining for Mr. Williams." ECF No. 99, PageID.1264 (Citing Rules 401 and 403). They also aver that "[o]ther intervening causes, such as his now ex-wife leaving him and moving his children to Kansas without warning and other marital problems with her, were the source of the depression." *Id*.

In their response brief, Plaintiffs say that "Defendants have not provided any evidence as to their remoteness argument or that the alleged 'other intervening causes' were the sole cause of Williams' depression. Therefore, these are questions of weight of the evidence as opposed to the admissibility of the evidence." ECF No. 112, PageID.1555.

Notably, Plaintiffs do not explain how the mental health treatment occurring eight months to a year after the police raid is relevant. Further, Williams testified about his marital problems during his discovery deposition. Some of the topics Williams discussed with his therapist, Mindy Nicholson, are described in her progress notes attached as an exhibit to Defendants' motion. As Defendants point out, "there is no mention about Plaintiff being slammed against a wall, being in handcuffs, or about the police raid in Detroit. . . . [r]ather, the content of the therapy was discussions of Mr. Williams' marital problems with his now ex-wife." ECF No. 114, PageID.1574.

The Court finds that the mental health treatment records are irrelevant to the instant matter. Accordingly, Defendant's motion to exclude them is granted.

3. **[ECF No. 101]: Defendants' Motion in Limine No. 3 Daubert Motion to Exclude Purported Experts Dana Trexler and Thomas J. Hope**.

Defendants' Daubert Motion seeks to exclude the purported damages experts Dana Trexler and Thomas J. Hope, who Plaintiff D. Savage LLC "has offered to support its purported lost business profits damages asserted for its alleged Count IV unreasonable seizure claim." ECF No. 101, PageID.1330. Plaintiffs did not respond to Defendants' motion, and because Count IV has now been dismissed, the Court concludes that the expert reports are irrelevant. Accordingly, Defendants' motion is granted.

7

**4. [ECF No. 105]: Defendants' Motion in Limine No. 4 to Prohibit Plaintiffs from Arguing to the Jury that D. Savage was Legally Operating.**

In their fourth Motion, Defendants aver that "Plaintiffs cannot say to the jury that D. Savage was legally allowed to operate a marijuana grow facility in the City of Detroit on the date of the police raid. Such 'evidence' or argument must be prohibited going into trial for three important reasons: (1) the issue is irrelevant to the remaining claim, (2) such a statement would be false, and (3) even assuming arguendo that Plaintiffs could assert such a position, it is a question of law, not fact, that must be decided by the Judge, not the jury." ECF No. 105, PageID.1472.

Plaintiffs Walsh and Williams "do not intend to argue that D. Savage, LLC was operating legally." ECF No. 110, PageID.1549. However, they believe that the evidence is relevant to "the questions of severity of the crime at issue, and what if any resistance or attempt to flee existed under the *Graham* factors." *Id*. "The fact that Detroit was in the process of evaluating and granting some measure of allowance for medical marihuana is a much different factual circumstance under *Graham* than if D. Savage, LLC was manufacturing crystal meth[,]" Plaintiffs say. *Id*. Accordingly, they believe that "[t]he jury should be permitted to weigh the relative seriousness of the claimed offense in determining the propriety of the uses of force at issue in this trial." *Id*.

Defendants' motion is granted. However, Plaintiffs my make their proposed

8

argument under the *Graham* factors.

### 5. [ECF No. 104] Defendants' Motion in Limine No. 5 To Exclude Lay Witness Jeanne Walsh's Proposed Medical Expert Opinion Testimony

In their fifth motion, Defendants say that Plaintiffs "intend to have Jeanne Walsh offer her own lay opinion testimony and photograph exhibits for an opinion that a face rash occurring over a year after the police raid and her preexisting 'TMJ' jaw problem flaring up were caused by the alleged excessive force." ECF No. 104, PageID.1453. "This is impermissible," Defendants say, because it would constitute medical opinion testimony, and Walsh is not an expert.

Plaintiff Walsh does not "intend to testify that excessive force caused her TMJ [or face rash,]" rather, she intends to testify that "'after my face hit the wall, it hurt'" and "'when I think about that day, I get stressed and break out in a rash.'" ECF No. 109, PageID.1546.

Defendants motion is denied. Walsh may provide lay testimony about her medical symptoms and their approximate timing in relation to the alleged excessive force. Such testimony does not constitute expert opinion testimony about the medical causation of her symptoms. And expert testimony is not required to establish non-economic damages. "A plaintiff may testify regarding his or her own subjective feelings, symptoms and the timing of those symptoms to legitimately place emotional damages before the jury." *McDowell v. Livonia Hotel Bus., Inc.*, No. 19-

9

10217, 2022 WL 2916675, at *13 (E.D. Mich. July 25, 2022), aff'd, No. 22-1740, 2023 WL 4447039 (6th Cir. July 11, 2023); See also *Williams v. Hamilton Cnty., Tennessee*, No. 1:15-CV-74, 2018 WL 1586234, at *2 (E.D. Tenn. Mar. 31, 2018) ("Plaintiff may testify about when his symptoms began or worsened or what caused them, to the extent that type of causation would be within a lay person's realm of knowledge. But he may not testify as to causation where specialized medical knowledge would be necessary.").

### 6. [ECF No. 106] Defendants' Motion in Limine No. 6 Daubert Motion to Exclude Purported Police Practice Expert William Harmening

In their sixth motion, Defendants take issue with the proposed testimony of "purported police practices 'expert' William M. Harmening." ECF No. 106, PageID.1503. Mr. Harmening seeks to offer testimony on the following opinions:

> 1) Pointing their guns at the D. Savage employees was unnecessary. This was not a traditional drug raid and should not have been represented or carried out as one;
>
> 2) Like any search warrant that does not include an arrest warrant for specific individuals, this should have been an investigative detention, in which case the use of handcuffs was unreasonable once the building and employees were cleared of weapons;
>
> 3) It is my opinion that in the context of accepted police training and standards of practice, the uses of force in this case, specifically the pointing of guns, and the prolonged use of handcuffs, were inappropriate and excessive under the circumstances;

ECF No. 106-1, PageID.1522-23.

Notably, none of Mr. Harmening's opinions shed light on the use of force that is necessary when individuals like Walsh and Williams are already handcuffed. He does not opine on whether slamming a handcuffed person against the wall is excessive. Lastly, Mr. Harmening does not opine on the tightness of Williams' handcuffs or whether it is standard police practice to loosen the handcuffs after the excessive tightness is made known to the officer. As Defendants point out, Mr. Harmening's opinions relate only to the claims that have already been dismissed. Thus, they have minimal relevance.

This minimal relevance is outweighed by the danger of unfair prejudice and jury confusion under Rule 403. Indeed, an expert who opines that officers used excessive force by handcuffing and pointing guns at the Plaintiffs during the raid impermissibly suggests to the jury that Defendants are liable for excessive force based on that conduct. But the conduct at issue here pertains to Defendants allegedly for slamming Williams and Walsh against the wall while handcuffed and refusing to loosen Williams' handcuffs after he told the officer that they were too tight. Mr. Harmening's opinions "have an undue tendency to suggest decision on an improper basis." Fed. R. Evid. 403 advisory committee note. As such, they are excluded from evidence under Rule 403.

Defendants' motion is granted.

### 7. Defendants' objection to Nathan Miller's Trial Subpoena

In their objection, Defendants say that "Plaintiffs served a trial subpoena on Nathan Miller, a copy of which is attached as Exhibit A. Yet, Nathan Miller was not listed on Plaintiffs' trial witness list that Plaintiffs submitted to the Court on October 20, 2023, in the Proposed Joint Pretrial Order." ECF No. 119, PageID.1588 Accordingly, Defendants object to Plaintiffs calling Nathan Miller, "pursuant to the Court's Amended Scheduling Order," which requires that "[a]ll witnesses must be listed in the Final Pretrial Order. Witnesses may only be added to the Final Pretrial Order by stipulation of the parties and leave of court." ECF No. 22, PageID.332.

Because Defendants did not respond, and Nathan Miller is not listed on the Proposed Joint Final Pretrial Order, the Court sustains Defendants' objection.

### III.  Conclusion

For the reasons set forth above, the Court:

1. **GRANTS** [ECF No. 103]: Defendants' Motion in Limine No. 1 To Limit Evidence To Excessive Force Claim **IN PART** and **DENIES IT IN PART**;

2. **GRANTS** [ECF No. 99]: Defendants' Motion in Limine No. 2 To Exclude Witness Mindy Nicholson and Curtis Williams' Mental Health Records.

3. **GRANTS** [ECF No. 101]: Defendants' Motion in Limine No. 3 Daubert Motion to Exclude Purported Experts Dana Trexler and Thomas J. Hope.

4. **GRANTS** [ECF No. 105]: Defendants' Motion in Limine No. 4 to

Prohibit Plaintiffs from Arguing to the Jury that D. Savage was Legally Operating. However, Plaintiffs may introduce evidence at trial pertaining to their *belief* that the facility was legally operating, to the extent that it is a relevant factor to consider under *Graham*.

5. **DENIES** [ECF No. 104] Defendants' Motion in Limine No. 5 To Exclude Law Witness Jeanne Walsh's Proposed Medical Expert Opinion Testimony.

6. **GRANTS** [ECF No. 106] Defendants' Motion in Limine No. 6 Daubert Motion to Exclude Purported Police Practice Expert William Harmening.

7. **SUSTAINS** [ECF No. 119] Defendants' objection to Nathan Miller's Trial Subpoena.

**SO ORDERED.**

Dated:  April 2, 2024                            /s/Gershwin A. Drain
                                                 GERSHWIN A. DRAIN
                                                 United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 2, 2024, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk